CHAMBERS OF
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Phone: (410) 962-4953
Fax: (410) 962-2985

September 12, 2018

LETTER TO ALL COUNSEL OF RECORD

    Re:    *Jordan v. Social Security Administration*[1]
           Civil No. 17–cv–03032–JMC

Dear Counsel:

On October 17, 2017, Ms. Pamela Jordan petitioned this Court to review the Social Security Administration's final decision to deny her claims for supplemental security income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Ms. Jordan's Response. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and correct legal standards were employed. 42 U.S.C. § 405(g); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Jordan's Motion, grant the Government's Motion, and affirm the Social Security Administration's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Jordan filed a claim for benefits on October 30, 2013. (Tr. 245–50). Her claim was denied initially and on reconsideration following appeal. (Tr. 131–34; 138–39). Administrative Law Judge ("ALJ") Milagros Farnes held a hearing on June 2, 2016. (Tr. 46–69). Following that hearing, on July 21, 2016, the ALJ determined that Ms. Jordan was not disabled during the relevant time frame. (Tr. 7–18). The Appeals Council denied Ms. Jordan's request for review on June 13, 2017, making the ALJ's decision the final, reviewable decision of the Agency. (Tr. 24–26).

In arriving at her decision to deny Ms. Jordan's claim, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If she makes the requisite showing, the burden shifts to the Social Security Administration at step five to prove "that the claimant can perform other work that 'exists in significant

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the functions not reserved to the Commissioner of Social Security.

numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Ms. Jordan had not engaged in "substantial gainful activity" since October 30, 2013, the application date. (Tr. 9). At step two, the ALJ determined that Ms. Jordan's degenerative disc disease, lumbar and cervical disc herniations, and bipolar disorder constitute severe impairments under the relevant regulations. (Tr. 9). At step three, the ALJ found that Ms. Jordan does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 9–11). Then, "[a]fter careful consideration of the entire record," the ALJ determined that Ms. Jordan has the RFC to perform:
> light work as defined in 20 CFR 416.967(b) except the claimant needs a sit/stand option every hour; no overhead lifting; needs a cane for ambulation; no production rate or pace work; no working with the public; occasional contact with co-workers; due to issues with pain will be off tasks for 10% of the workday; and needs reminder of tasks one time per day.

(Tr. 11–16). At step four, the ALJ concluded that Ms. Jordan does not have any past relevant work. (Tr. 16). Finally, at step five, after considering the testimony of a vocational expert, the ALJ determined that Ms. Jordan can perform jobs existing in significant numbers in the national economy and she was therefore not disabled during the relevant time frame. (Tr. 16–17).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal citations and quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Ms. Jordan raises a single argument on appeal. She argues that the ALJ failed to comply with the mandates set forth in the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), as the ALJ "fail[ed] to conduct a function-by-function assessment of her ability to perform the physical and mental demands of work." (ECF No. 16–1 at 7). Specifically, Ms. Jordan asserts that the ALJ failed to explain her conclusion that Plaintiff would be "off tasks for 10% of the workday" and "never discussed why the evidence would support a ten percent (10%) reduction in productivity as opposed to the fifteen percent (15%) reduction that she [previously] contemplated." *Id.* at 9. Ms. Jordan claims that this error is material and caused her to suffer prejudice because "the fifteen percent (15%) reduction that [the ALJ] discarded would have meant a finding of disability according to the [vocational expert]'s testimony." *Id.*

Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). The regulations further provide that the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin*, 826 F.2d 176, 189 (4th Cir. 2016) (quoting SSR 96–8p, 1996 WL 374184, at *7 (1996)). Specifically, an ALJ's "RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions." *Bowers v. Commissioner*, Civ. No. SAG–11–1445, 2013 WL 150023, at *2 (D. Md. Jan. 11, 2013)

2

(quoting *Taylor v. Astrue*, Civ. No. BPG–11–0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012)); *see also White v. Commissioner*, Civ. No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (internal citation and quotations omitted). Within the narrative discussion, the ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

The Court disagrees with Ms. Jordan's argument, and concludes that the ALJ here did indeed build "an accurate and logical bridge" between Ms. Jordan's limitations and the RFC determination in her narrative discussion. In formulating the ultimate RFC assessment, the ALJ noted that Ms. Jordan would be off task 10% of the work day "due to issues with pain." (Tr. 11). Within her analysis, the ALJ considered in detail Ms. Jordan's symptoms and the relevant medical evidence. In her opinion, the ALJ reviewed Ms. Jordan's testimony regarding her back and neck pain from a previous car accident, her testimony that her pain "makes her unable to stay focused" and "is daily but periodic," and her testimony regarding her knee and hand pain. (Tr. 12). Furthermore, the ALJ evaluated the relevant medical evidence, including records from multiple examinations at Total Health Care and Advanced Intervention Pain and Sports Medicine, cervical and lumbar x-ray results, and notes from multiple consultative examinations. (Tr. 12–13). The ALJ also referenced the fact that Ms. Jordan did not seek any medical treatment for a two year period, between May 15, 2014 and May 16, 2016. (Tr. 13). Following this extensive analysis, the ALJ concluded that "[b]ased on this evidence and in giving the claimant every due consideration, I find that she is limited to the light exertional level, needs to use a cane, requires a sit/stand option, no overhead reaching and would experience pain for 10% of the workday." *Id.*

Although Ms. Jordan argues that the ALJ's alleged "failure to connect [her] factual findings to [her] chosen number [of 10% time off task] is particularly disconcerting because . . . the figure [of 20% time off task that] [s]he discarded would have meant disability according to the VE's testimony," the ALJ cited substantial evidence of record to support her conclusion regarding Ms. Jordan's time off task during the workday. *See McClanahan v. Colvin*, Civ. No. TMD–16–44, 2016 WL 6822478, at *7 (D. Md. Nov. 18, 2016) ("Although the administrative law judge did not explain why he chose five percent instead of two percent or six percent, that lack of precision is not a reason to reverse the decision. The important point is that the administrative law judge did not find any evidence to show that plaintiff's ability to stay on task was impaired to the extent that it would keep him from working.") (quoting *Wennersten v. Colvin*, No. 12–cv–783– BBC, 2013 WL 4821474, at *3 (W.D. Wis. Sept. 10, 2013). Ms. Jordan's argument is, thus, without merit and her motion will be denied.

Because there is substantial evidence to support the ALJ's findings and those findings were reached through application of the correct legal standards, Ms. Jordan's Motion for Summary Judgment, (ECF No. 16), is DENIED, Defendant's Motion for Summary Judgment, (ECF No. 17), is GRANTED, and the Social Security Administration's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket is as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge